IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,

  v.                                                   OPINION and ORDER

JON LITSCHER, MICHAEL DITTMAN,                18-cv-63-jdp
and SERGEANT DOYLE,

                Defendants.

---

Pro se plaintiff George Taylor is an inmate at Columbia Correctional Institution (CCI). He alleges that defendants Warden Michael Dittman and Wisconsin Department of Corrections (DOC) Secretary Jon Litscher maintained a policy of having correctional officers, rather than medical staff, distribute prisoners' medications, and that this policy led defendant Sergeant Doyle to provide Taylor the wrong medications.

Taylor has moved for an order compelling defendants to produce several categories of documents. Dkt. 32. I will address each category in turn.

A. **Self-assessment statements and internal budgets**

Taylor asks defendants to produce the DOC's self-assessment statements related to the practice of having correctional officers distribute medications and all internal budgets from 1997 to the present. Dkt. 34-2, ¶¶ 1–2. In particular, Taylor seeks the self-assessments and budget statements that were used by the plaintiffs in *Flynn v. Doyle*, 630 F. Supp. 2d 987, 990–91 (E.D. Wis. 2009), to prove deliberate indifference. *Flynn* was a class action brought by inmates at Taycheedah Correctional Institution that challenged a medication distribution policy similar to the one at CCI.

Defendants say that under the DOC's record-retention policy, all internal budget requests prior to 2015 would have been destroyed, and all self-assessments from prior to 2010 would have been destroyed. But they say that they have given Taylor all reports that are still available, including a 2010 cost analysis and feasibility study on the delivery of medications and the DOC's internal budget papers from 2015–2019.

Taylor says that the destroyed documents may still exist on microfilm. But Taylor provides no basis for me to believe that. Because I cannot compel defendants to provide documents they do not possess, Taylor's request to compel production of additional self-assessments and internal budgets will be denied.

**B. Inmate complaints and incident reports**

Taylor asks for all inmate complaints and incident reports related to medication errors caused by correctional officers.[1] Defendants provided summaries of all inmate complaints related to medication errors from the last 18 years, but they did not provide the complaints themselves. Dkt. 34-3, at 3–22. Defendants did not provide any incident reports. Instead, they gave Taylor a report from the DOC's central pharmacy that listed all medication errors at male institutions from the last eight years. Dkt. 34-3, at 30–39. Taylor says that these summaries are insufficient and that defendants should be required to provide redacted copies of the actual complaints and incident reports. Defendants contend that this would be unduly burdensome.

Defendants say that inmate complaints are maintained in packets that include multiple levels of appeals and supporting documentation. All documents in the packet would need to be redacted to remove identifying information and protect inmate confidentiality. Taylor

---

[1] Taylor also requested emails and memos related to medication errors, but he has withdrawn this request. Dkt. 37, at 1.

concedes that this poses a significant burden on the defendants. But as a compromise, he says that he will go through the summaries and select the specific complaints that he needs to prove his case. He also agrees to limit his request to the institution complaint examiner's report and the reviewing authority's decision, rather than the entire complaint packet.

This is a reasonable compromise that should significantly lighten defendants' burden. For now, I will deny Taylor's motion to compel production of inmate complaints. But Taylor may serve defendants with additional requests for specific inmate complaints as outlined in his proposal. He will need to limit his requests to the institution complaint examiner's report and the reviewing authority's decision, and the documents will be redacted to protect inmate confidentiality.

As for the incident reports, defendants say that there is no way to search them electronically, so each report needs to be individually read to determine whether it relates to medication errors. They say that in 2017 alone, there were 3,620 incident reports at CCI, the majority of which are irrelevant to this case.

The burden or expense of the proposed discovery is a factor to consider when deciding whether to order production of discovery. Fed. R. Civ. P. 26(b)(1). It must be weighed against the likely benefit of the discovery to the party requesting it. *Id.* And here, the burden on defendants outweighs any benefit that Taylor will get from the incident reports that he cannot already get from the central pharmacy report. The pharmacy report lists the date of each medication error, the institution where it took place, a summary of the incident (e.g. "methadone dose incorrect"), and whether the error was caused by nursing, pharmacy, or security staff. From this, Taylor can determine how often officers (rather than nursing or pharmacy staff) gave inmates the wrong medication or dose at CCI. Because individual incident

3

reports are unlikely to provide any additional relevant information, I will deny Taylor's motion to compel as to the incident reports.

**C. Documents related to implementation of the electronic medical record system**

Taylor asks for all documents related to the DOC's newly implemented electronic medical record (EMR) system, including the reasons for implementing the system, and any documents showing that medication errors "are projected to significantly decrease based on the new EMR system." Dkt. 34-2, ¶ 4. Defendants say that they gave Taylor a 126-page "user guide" in their latest discovery responses. Dkt. 35, at 3.

Taylor's request for all documents relating to the EMR system is overly broad. But his specific requests for documents outlining the reasons for implementing the system, and showing that medication errors are projected to decrease, are not. Those documents, if they exist, go to the heart of Taylor's claim that CCI's medication distribution system caused frequent medication errors, and that defendants were aware of the problem. Furthermore, in defendants' opposition to Taylor's motion for preliminary injunction, they argued that an injunction was not necessary because the EMR system was "projected to significantly decrease" the risk of medication errors. Dkt. 6, at 5. If they have studies or documentation to back up this assertion, then they should produce it in response to Taylor's request.

I will grant Taylor's motion to compel production of these two categories of documents related to the EMR system, but I will deny the motion as to Taylor's request for "all documents" related to the system.

ORDER

IT IS ORDERED that:

1. Plaintiff George Taylor's motion to compel, Dkt. 33, is GRANTED in part.

    a. Defendants must produce any documents in their possession that outline the reasons for implementing the electronic medical records system, and that support defendants' assertion that the system is projected to decrease medication errors.

    b. Taylor's motion is DENIED in all other respects.

Entered February 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge