IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,

v.                                     OPINION and ORDER

JON LITSCHER, MICHAEL DITTMAN,             18-cv-63-jdp
and SERGEANT DOYLE,

                Defendants.

---

GEORGE TAYLOR,

                Plaintiff,

v.                                     OPINION and ORDER

JON LITSCHER, MICHAEL DITTMAN,             19-cv-301-jdp
and BRITTANY K. HIBMA,

                Defendants.

---

Pro se plaintiff George Taylor, a prisoner at Columbia Correctional Institution, is suing defendants Jon Litscher, Michael Dittman, and Sergeant Doyle for violations of the Eighth Amendment and for negligence under Wisconsin law. Dkt. 5 in Case No. 18-cv-63. He says that Dittman and Litscher maintained a policy of having correctional officers, rather than medical staff, distribute prisoners' medications, and that this policy led Doyle to give him the wrong medications.

Taylor has now opened a new case, once again alleging that Dittman and Litscher maintained a policy of having correctional officers distribute prisoners' medications, and that this policy led to an officer giving him the wrong medications. Dkt. 1 in Case No. 19-cv-301.

This time, he says that defendant Brittany K. Hibma gave him the wrong dosage of medication on April 23, 2018. His allegations against Hibma are substantively similar to his allegations against Doyle in the '63 case, and he states claims against her for Eighth Amendment deliberate indifference and Wisconsin-law negligence.

Taylor's claims against Litscher and Dittman are identical between the two cases. And because Taylor's claim against Hibma also substantially overlaps with his claims against defendants in the '63 case, I conclude that consolidation is appropriate. I will direct the clerk of court to close the '301 case and to docket Taylor's new complaint in the '63 case. I will construe Taylor's new complaint as a supplement to his complaint in the '63 case, and I will grant him leave to add Hibma as a defendant in the '63 case. His original complaint, with the new complaint as its supplement, will be considered the operative pleading. Taylor will not owe a filing fee for opening the '301 case.

The addition of Hibma as a defendant will not significantly alter the scope of Taylor's claims. But to avoid prejudice to defendants, I will extend the deadline for substantive dispositive motions in the '63 case. The deadline for dispositive motions for failure to exhaust has already passed, but if defendants contend that Taylor failed to exhaust his claims against Hibma, then they may file a motion for summary judgment on those grounds by the substantive dispositive motions deadline.

ORDER

IT IS ORDERED that:

1. Plaintiff George Taylor is granted leave to proceed on Eighth Amendment deliberate indifference and Wisconsin-law negligence claims against defendant Brittany K. Hibma.

2

2. The attorney general's office may have until May 13, 2019, to inform the court whether it accepts service on behalf of Hibma.

3. The clerk of court is directed to close Case No. 19-cv-301, and to docket Taylor's complaint, Dkt. 1 in Case No. 19-cv-301, to Case No. 18-cv-63. The operative pleading in Case No. 18-cv-63 is Taylor's original complaint, Dkt. 1 in Case No. 18-cv-63, as supplemented by the new complaint.

4. The clerk of court is directed to add defendant Hibma to the caption in Case No. 18-cv-63.

5. The dispositive motions deadline in Case No. 18-cv-63, and the deadline to file a motion for failure to exhaust administrative remedies as to Hibma, is extended to July 1, 2019.

Entered April 29, 2019.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge