IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

        Plaintiff,

v.

JON LITSCHER, MICHAEL DITTMAN, and SERGEANT DOYLE,

        Defendants.

ORDER

18-cv-63-jdp

---

GEORGE TAYLOR,

        Plaintiff,

v.

JON LITSCHER, MICHAEL DITTMAN, MICHAEL STEPHENS, and THOMAS MITCHELL,

        Defendants.

ORDER

19-cv-363-jdp

---

Pro se plaintiff George Taylor, a prisoner at Columbia Correctional Institution, is suing defendants Jon Litscher, Michael Dittman, and Sergeant Doyle for violations of the Eighth Amendment and for negligence under Wisconsin law. Dkt. 5 in Case No. 18-cv-63. He says that Dittman and Litscher maintained a policy of having correctional officers, rather than medical staff, distribute prisoners' medications, and that this policy led Doyle to give him the wrong medications.

Taylor recently opened a second case, again alleging that Dittman and Litscher maintained a policy of having correctional officers distribute prisoners' medications and that this policy caused defendant Brittany K. Hibma to give him the wrong dosage of medication. I

construed the complaint as a supplement to his original complaint in the '63 case, and I granted Taylor leave to proceed on an additional claim against Hibma in that case. Dkt. 63 in Case No. 18-cv-63.

Defendants have now removed from state court another case in which Taylor alleges that Dittman and Litscher maintained a policy of having correctional officers distribute prisoners' medications, and that this policy led to an officer giving him the wrong medications. Dkt. 1 in Case No. 19-cv-363. I conclude that this case should also be combined with the '63 case. Taylor's asserts the same claims against Litscher and Dittman as in his last the two complaints. And the facts alleged in the new complaint substantially overlap with Taylor's claims in the pending '63 case.

Taylor states claims against two new defendants. First, he says that defendant Michael Stephens gave him the wrong medication on April 1, 2018. His allegations against Stephens are substantively similar to his allegations against Doyle and Hibma. So for the same reasons he stated claims against them, I conclude that he also states claims against Stephens under Eighth Amendment deliberate indifference and Wisconsin-law negligence theories.

Second, Taylor states a claim against defendant Thomas Mitchell. Taylor alleges that after Stephens gave him the wrong medication, he began to suffer from a headache and major stomach pains. He says that he told Mitchell about his symptoms, but Mitchell ignored him and refused to contact medical personnel. Taylor says that because he did not receive treatment, he began to vomit blood and eventually collapsed and hit his head. I conclude that these allegations also state Eighth Amendment deliberate indifference and Wisconsin-law negligence claims against Mitchell.

I will direct the clerk of court to close the '363 case and to docket Taylor's new complaint in the '63 case. I will construe Taylor's new complaint as a supplement to his complaint in the '63 case, and I will grant him leave to add Stephens and Mitchell as defendants in the '63 case. The operative pleading will be his original complaint, Dkt. 1-2, with his supplemental complaint against Hibma, Dkt. 64, and his most recent complaint as an additional supplement. The addition of Stephens and Mitchell as defendants should not significantly alter the scope of Taylor's claims in the '63 case. But because the deadline for dispositive motions for failure to exhaust has already passed, I will clarify that defendants may still file motions for summary judgment on exhaustion grounds by the deadline for substantive dispositive motions.

ORDER

IT IS ORDERED that:

1. Plaintiff George Taylor is granted leave to proceed on Eighth Amendment deliberate indifference and Wisconsin-law negligence claims against defendants Michael Stephens and Thomas Mitchell.

2. The clerk of court is directed to close Case No. 19-cv-363, and to docket Taylor's complaint, Dkt. 1 in Case No. 19-cv-363, to Case No. 18-cv-63. The operative pleading in Case No. 18-cv-63 is Taylor's original complaint, Dkt. 1 in Case No. 18-cv-63, as supplemented by his complaint against defendant Hibma, Dkt. 64 in Case No. 18-cv-63, and his new complaint.

3. The deadline to file a motion for failure to exhaust administrative remedies as to Stephens or Mitchell is extended to July 1, 2019.

Entered May 24, 2019.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge