IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,

v.

JON LITSCHER, MICHAEL DITTMANN,
ROBERT DOYLE, BRITTANY K. HIBMA,
MICHAEL STEPHENS, and THOMAS MITCHELL,

                Defendants.[1]

OPINION and ORDER

18-cv-63-jdp

---

Pro se plaintiff George Taylor, an inmate at Columbia Correctional Institution, has filed several lawsuits that I have consolidated into this one. Taylor alleges that he received incorrect medication on three occasions under the prison's system of having correctional officers, not medical staff, distribute inmates' medication. I granted Taylor leave to proceed on claims that defendant Correctional Officers Robert Doyle, Michael Stephens, Thomas Mitchell, and Brittany Hibma violated the Eighth Amendment to the United States Constitution and Wisconsin negligence law in dispensing his medication or denying him care. Dkt. 5; Dkt. 63; Dkt. 78. I also granted him leave to proceed on claims that defendants Jon Litscher, the former secretary of the Wisconsin Department of Corrections (DOC), and Michael Dittmann, the prison's warden, violated the Eighth Amendment in administering the prison's system of dispensing medication. Dkt. 5.

There are two related motions before me: defendants' motion for summary judgment, Dkt. 89, and Taylor's motion to incorporate his proposed findings of fact from his prior motion

---

[1] I have corrected the spelling of the name of defendant Dittmann and have added the first name of defendant Doyle to the caption.

for a preliminary injunction, Dkt. 102. I will grant Taylor's motion to incorporate his previous proposed findings of fact, Dkt. 42, which defendants don't oppose. I will consider defendants' response to that filing, Dkt. 57, as their response here, as they have requested, Dkt. 105, at 1 n.1. Defendants' motion for summary judgment is substantially successful: Taylor hasn't complied with state and federal requirements to move forward with his claims against Mitchell, and he doesn't respond to defendants' arguments regarding his request for prospective relief against Litscher and Dittmann. So I will grant defendants' motion for summary judgment regarding those claims. I will also grant defendants' motion as to Taylor's Eighth Amendment claims against Doyle, Stephens, and Hibma. But the parties haven't adequately briefed Taylor's claims for money damages against Litscher and Dittmann, so I will reserve ruling on those claims as well as on Taylor's state-law negligence claims against Doyle, Stephens, and Hibma.

UNDISPUTED FACTS

The following facts are undisputed except where noted.

The prison and other DOC institutions rely on correctional officers to help distribute medication to inmate patients. Under the distribution system in place until December 2018, DOC policy required correctional officers to do three things before giving medication to a patient: (1) verify the patient's identity; (2) compare the label on the medication against the patient's medication record; and (3) show the medication label to the patient. Dkt. 7-2, at 3. This allowed both the officer and the patient to verify the patient's name, medication, and dose. *Id.*

Taylor received and took incorrect medications on three occasions under this system. He alleges that Litscher and Dittmann recklessly administered the prison's system of dispensing

2

medications despite their knowledge that the system was unsafe. I will describe the events surrounding his allegations against the other defendants below.

## A. Robert Doyle

Correctional Officer Doyle was responsible for distributing Taylor's medication on April 26, 2017. The only prescription that Taylor should have received at that time was for diphenhydramine. When giving medication to Taylor, Doyle looked at the wrong entry in his paper medication log because the pages had been turned without his knowledge. Instead of diphenhydramine, Doyle gave Taylor two tablets of acetaminophen and one tablet of buspirone, which Taylor took. After Taylor took these pills, Doyle noticed that the medication log was turned to the wrong page. He told Taylor about the mistake, informed his supervisor, and contacted the Health Services Unit, which sent a nurse to assess Taylor. Taylor says he experienced drowsiness, stomach pain, lightheadedness, vomiting, depression, and a headache after taking these pills.[2] He also says that he fell and cut his head the next morning because he felt dizzy and drowsy.

## B. Michael Stephens

Correctional Officer Michael Stephens was responsible for dispensing Taylor's medication on April 1, 2018. Taylor was supposed to receive a dose of propranolol, but Stephens gave him a dose of ACET/ASA/CAFF, a pill containing aspirin, acetaminophen, and caffeine. Shortly after Taylor took the pill, Stephens realized his mistake and contacted a nurse in the Health Services Unit. The nurse told Stephens that the medication wouldn't adversely

---

[2] Defendants dispute Taylor's descriptions of his symptoms, citing Taylor's deposition testimony. But defendants haven't submitted a deposition transcript as required by the preliminary pretrial conference order, Dkt. 25, at 11. So I won't consider Taylor's alleged deposition testimony at summary judgment.

affect Taylor. Stephens told this to Taylor, who then returned to his unit. Stephens then told his supervisor about the mistake. Afterwards, Taylor reported that he experienced a "massive" headache after taking the medication. Dkt. 94-2, at 13. He also said he experienced dizziness, causing him to fall and hit his head, and that his throat swelled. *Id.*

**C. Thomas Mitchell**

Taylor alleges that he told Mitchell about the side effects he experienced from the medication given to him by Stephens but that Mitchell refused to help him. A few days later, Taylor filed a complaint against both Stephens and Mitchell. Dkt. 98-1, at 2. Because the complaint raised three distinct issues against two correctional officers, prison staff refused to accept it, directing Taylor to submit separate complaints against the two officers within 10 days if he wished to pursue his grievances. *Id.* at 1. Taylor submitted a revised complaint against Stephens, but he didn't file one against Mitchell.

**D. Brittany Hibma**

Correctional Officer Brittany Hibma was responsible for dispensing Taylor's medication on April 23, 2018. Taylor had been intermittently refusing to take his sertraline that month because of its unpleasant side effects. Because of his complaints, Taylor's prescribed dose of sertraline had been reduced twice—once on April 2 from 200 mg to 150 mg, and again on April 19 to 100 mg.

On April 23, although Taylor's medication record showed that he should receive only 100 mg of sertraline, a 150 mg dose was mistakenly packaged for him. Before Hibma gave him the sertraline, she showed the medication label to Taylor to verify that it was the correct medication and dose. But she didn't compare the medication label to Taylor's medication record. Taylor took the sertraline, after which he asked to see his medication record. He then

4

told Hibma she had given him the wrong dose. After Hibma finished dispensing the other patients' medication, she contacted a nurse who incorrectly told Hibma that Taylor had received the correct dose of sertraline. Taylor reported that he was trembling and felt unsteady after taking the sertraline. Dkt. 101-1, at 24. He also reported that he fell that night due to dizziness, hitting his head and knee. *Id.*

ANALYSIS

Taylor brings claims against the defendants under the Eighth Amendment, which forbids prison officials from intentionally ignoring the risk caused by prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). He also brings state-law negligence claims against Doyle, Stephens, Hibma, and Mitchell. Defendants have moved for summary judgment on Taylor's claims.

To survive summary judgment on his Eighth Amendment claims, Taylor will need to adduce evidence that the risk of harm to Taylor was objectively serious and that the defendants knew this risk was excessive but disregarded it anyway. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012); *Flynn v. Doyle*, 630 F. Supp. 2d 987, 992 (E.D. Wis. 2009). The Eighth Amendment's standard is equivalent to criminal recklessness, meaning that Taylor will need to show that each defendant's conduct was dangerous enough to support the inference that he or she intentionally ignored a "substantial risk of serious harm" to Taylor. *Id.* at 839.

Taylor's state-law claims require a lesser showing; he must show only that each defendant was negligent in dispensing his medication or addressing his medical needs. To do

so, he must show that each defendant breached a duty that he or she owed to Taylor that resulted in harm to him. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

## A. Robert Doyle, Michael Stephens, and Brittany Hibma

Taylor says that Doyle, Stephens, and Hibma violated the Eighth Amendment and state negligence law when they failed to follow DOC policies in dispensing his medication.

### 1. Eighth Amendment claims

Taylor hasn't shown that these officers violated the Eighth Amendment because he hasn't shown that they acted recklessly in administering his medication. After being alerted to their possible mistakes, each officer took prompt corrective action to determine whether Taylor had taken the wrong medication and, if so, whether he needed medical attention. The officers may have skipped steps required by DOC policies that could have prevented these mistakes from happening, but their corrective actions show that they weren't indifferent to any harm that Taylor might have suffered as a result of their mistakes. This might allow a reasonable jury to conclude that these officers acted negligently, but it can't support a finding that they acted recklessly. Even gross negligence doesn't rise to the level of an Eighth Amendment violation, *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), so I will grant defendants' motion for summary judgment regarding Taylor's Eighth Amendment claims against Doyle, Stephens, and Hibma.

### 2. Negligence claims

Although I am granting defendants' motion for summary judgment regarding Taylor's federal-law claims against these defendants, I can exercise supplemental jurisdiction over his state-law claims against these defendants if those claims "form part of the same case or controversy" as any surviving federal-law claims. 28 U.S.C. § 1367(a). Because some of Taylor's

federal-law claims against Litscher and Dittmann may survive summary judgment, I will reserve ruling on these claims for now.

B.  Thomas Mitchell

Taylor brings Eighth Amendment and state-law negligence claims against Mitchell, who Taylor says refused to contact prison medical staff after Taylor took the wrong medication that Stephens had given him. Wisconsin's "notice of claim" statute requires a plaintiff to follow a specified procedure before bringing state-law claims against a state employee like Mitchell. Wis. Stat. § 893.82(3). Taylor concedes that he failed to comply with the statute's requirements, so Taylor cannot proceed with his state-law claim against Mitchell.

Regarding Taylor's Eighth Amendment claim against Mitchell, the Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before filing a suit alleging a violation of his constitutional rights. 42 U.S.C. § 1997e(a). After Taylor's complaint against Stephens and Mitchell was rejected, Taylor was directed to file separate complaints against the two correctional officers if he wished to pursue both grievances. He filed a new complaint against Stephens, but he didn't file one against Mitchell. Taylor failed to exhaust this claim: prison staff told Taylor what he needed to do to pursue his grievance against Mitchell, but Taylor chose not to do it. So I will grant defendants' motion for summary judgment regarding all of Taylor's claims against Mitchell.

C.  Jon Litscher and Michael Dittmann

I granted Taylor leave to proceed on Eighth Amendment claims against Litscher and Dittmann on the theory that they recklessly administered the prison's system of dispensing medication. Dkt. 5, at 3. Taylor's complaint sought both money damages and prospective relief (an injunction and a declaratory judgment) against these defendants. Dkt. 1-2, at 8. But

defendants address only Taylor's claims for prospective relief in their motion for summary judgment. Dkt. 91, at 19–21. In his response, Taylor doesn't dispute defendants' arguments against prospective relief, so I will grant defendants' motion for summary judgment regarding these claims.

But as Taylor points out, defendants' brief doesn't address his claims against Litscher and Dittmann in their personal capacities for money damages. Dkt. 101, at 13–15. Defendants offer a cursory argument against these claims in their reply brief, but additional briefing on this question is needed to determine whether these claims should proceed to trial. So I will reserve ruling on Taylor's claims against them for money damages pending further briefing.

CONCLUSION

I will grant defendants' motion for summary judgment with regards to all of Taylor's claims except his Eighth Amendment claims for money damages against Litscher and Dittmann and his state-law negligence claims against Doyle, Stephens, and Hibma. The parties are directed to brief Taylor's claims remaining claims against Litscher and Dittmann as described in the order below. I will strike the remaining deadlines, including the trial date. I will reset the schedule if necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to incorporate his previously filed proposed findings of fact, Dkt. 102, is GRANTED.

2. Defendants' motion for summary judgment, Dkt. 89, is GRANTED IN PART. The court grants summary judgment as to plaintiff's claims against defendant Thomas Mitchell; his Eighth Amendment claims against defendants Robert Doyle, Michael

Stephens, and Brittany K. Hibma; and his Eighth Amendment claims for prospective relief against defendants Jon Litscher and Michael Dittmann.

3. The court reserves ruling on defendants' motion for summary judgment regarding plaintiff's Eighth Amendment claims for money damages against defendants Litscher and Dittmann. The court also reserves ruling on plaintiff's state-law negligence claims against defendants Doyle, Stephens, and Hibma pending resolution of plaintiff's remaining claims against defendants Litscher and Dittmann.

4. The parties shall adhere to the following briefing schedule with respect to Taylor's remaining claims against defendants Litscher and Dittmann:

    a. Defendants shall file a brief in support of their motion for summary judgment regarding these claims by November 14.

    b. Once defendants submit their brief, plaintiff shall file a brief in response within 14 days.

5. Defendant Mitchell is DISMISSED from the case.

6. The remaining schedule, including the trial date, is STRUCK.

Entered October 31, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge