IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                       Plaintiff,

  v.                                                 OPINION and ORDER

JON LITSCHER, MICHAEL DITTMANN,
ROBERT DOYLE, BRITTANY K. HIBMA,              18-cv-63-jdp
and MICHAEL STEPHENS,

                       Defendants.

---

Pro se plaintiff George Taylor, an inmate at Columbia Correctional Institution (CCI), says that he received incorrect medications on three occasions under CCI's system of having correctional officers, rather than medical staff, dispense inmates' medications. Dkt. 5. I dismissed many of Taylor's claims in response to defendants' motion for summary judgment. Dkt. 109. But in their briefs, defendants neglected to address Taylor's Eighth Amendment claims for money damages against defendants Jon Litscher, the former secretary of the Wisconsin Department of Corrections (DOC), and Michael Dittmann, CCI's warden. So I reserved a ruling on those claims, as well as on Taylor's state-law claims against defendant correctional officers Robert Doyle, Brittany K. Hibma, and Michael Stephens, and I directed the parties to submit supplemental briefing on Taylor's remaining Eighth Amendment claims.

The parties have now submitted their supplemental briefs. Because I conclude that Taylor has not identified evidence showing that Litscher and Dittmann consciously ignored an excessive risk to his health, I do not need to consider defendants' alternative argument that Litscher and Dittmann are entitled to qualified immunity. I will grant defendants' motion for

summary judgment regarding Taylor's Eighth Amendment claims, relinquish supplemental jurisdiction over Taylor's state-law claims, and dismiss this case.

## UNDISPUTED FACTS

I adopt the undisputed facts from my previous order on defendants' motion for summary judgment, Dkt. 109. The following additional facts are undisputed except where noted.

CCI, like most institutions within Wisconsin's Division of Adult Institutions (DAI), uses correctional officers, not medical staff, to deliver medications to inmates' cells. Correctional officers are required to receive annual medication-delivery training. During the period in which Taylor received incorrect medications from correctional officers, correctional officers were required to do three things before giving medication to an inmate patient: (1) verify the patient's identity; (2) compare the medication label to the patient's medication record; and (3) show the medication label to the patient. This process allowed both the officer and the patient to verify the patient's name, medication, and dose. Taylor received and took medications that he had not been prescribed on three occasions in 2017 and 2018 under this system.

The medication-delivery process is governed by DAI policy. Dittmann, as CCI's warden, did not have the ability to modify or create DAI policy—only the DAI's policy committee or Litscher, as DOC secretary, could do so. If a new DAI policy would require additional positions and additional state funding, DOC would have to request those positions and funds from the governor, who would then have to request funds from the legislature.[1]

---

[1] Taylor says that this "is not a fact and leads toward argument." Dkt. 117, at 7. But it is an

DOC requested funds to create and fill new nursing positions responsible for delivering inmates' medication in its budget requests for the 2015, 2017, and 2019 budgets. In its requests, it stated that medication delivery by medical professionals was safer than delivery by correctional officers because correctional officers were not professionally trained or experienced in medication administration and distribution. And it stated that medication delivery by correctional officers had created inmate safety and health concerns.

ANALYSIS

Taylor's claims against Litscher and Dittmann arise under the Eighth Amendment to the United States Constitution, which prohibits prison officials from intentionally ignoring the risk caused by prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To survive defendants' motion for summary judgment, Taylor must identify evidence that inmates were at a serious risk of harm under CCI's medication-delivery system and that Litscher and Dittmann knew that this risk was excessive but disregarded it anyway. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Flynn v. Doyle*, 630 F. Supp. 2d 987, 992 (E.D. Wis. 2009). To hold Litscher and Dittmann responsible as policymakers for correctional officers' failure to follow CCI's medication-delivery policy, Taylor must show that they were "aware of 'a systematic lapse in enforcement' of a policy critical to ensuring inmate safety" but failed to enforce that policy. *Sinn v. Lemmon*, 911 F.3d 412, 423 (7th Cir. 2018) (quoting *Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003)).

---

uncontroversial description of an agency's budget process. So I take this fact as undisputed.

Taylor has not identified any evidence that Litscher or Dittmann disregarded an excessive risk to inmates' health. The medication-delivery system in place before December 2018 contained several steps that were designed to prevent inmates from receiving incorrect medications. The defendant correctional officers in this case may not have followed these steps when they delivered medications to Taylor, but this is not evidence that there was any systematic lapse in enforcement of CCI's medication-delivery policy, much less that Litscher and Dittmann were aware of such a lapse. Although the DOC's budget requests expressed concern that correctional officers might make mistakes because they were not medically trained, that does not show awareness that correctional officers were failing to follow DOC's precautionary policies.

Taylor argues that his medications should have been delivered by medically trained nurses because such a system would likely have led to fewer errors than delivery by untrained correctional officers. And he contends that Litscher and Dittmann should have proposed changes to DAI's medication-delivery policy to reduce the risk of harm. But under Litscher's leadership in 2017, DOC requested funding to implement a system of nurse-delivered medication, and it justified this request because of the very risks that Taylor identifies. The legislature's refusal to fund the nursing positions was beyond the control of any DOC official, and when prison officials know about a risk but cannot do anything about it, they do not violate the Eighth Amendment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

And in any event, Taylor has not identified any evidence that CCI's system of medication delivery was so flawed as to be constitutionally inadequate. He says—and Litscher and the DOC agreed—that ideally, prisoners' medications should be delivered by nurses, not correctional officers. But "[t]he existence or possibility of other better policies which might

4

have been used" does not show that Litscher or Dittmann violated the Eighth Amendment. *Frake v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000).

Litscher and Dittmann are entitled to summary judgment on Taylor's Eighth Amendment claims against them. This leaves only Taylor's state-law claims against Doyle, Hibma, and Stephens. When only state-law claims remain in a case, "the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). I see no statute of limitations concerns that would warrant retaining jurisdiction, and because I have not yet considered the merits of Taylor's state-law claims, there would be no efficiency in resolving them in this court. Accordingly, I will dismiss Taylor's state-law claims against all defendants without prejudice to Taylor pursuing them in state court.

ORDER

IT IS ORDERED that defendants' motion for summary judgment, Dkt. 89, is GRANTED in part. Plaintiff George Taylor's Eighth Amendment claims against defendants Jon Litscher and Michael Dittmann are dismissed with prejudice, and his state-law negligence claims against defendants Robert Doyle, Brittany K. Hibma, and Michael Stephens are dismissed without prejudice. The clerk of court is directed to enter judgment for defendants and close this case.

Entered May 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5